UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 23-cr-10323-JEK |
| v. | ) | |
| | ) | |
| BRAYAN ZEPEDA, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government requests that on June 20, 2024, the Court sentence defendant, Brayan Zepeda (hereinafter, "defendant" or "Zepeda"), to a term of ten months incarceration, a twenty four month term of supervised release, no fine, and a $100 special assessment.

## Facts

### A. Prior Criminal Conduct

On April 4, 2021, Zepeda was charged by the Lawrence Police Department with assault and battery on a family member.[1]  Those charges arose from an incident in which Zepeda kicked his then girlfriend during an argument.  She was 30 weeks pregnant at the time.  As Zepeda had left the scene by the time of the officers' arrival, he was not arrested and a warrant was issued.

On June 19, 2021, Zepeda was again charged with assaulting a household member (the same victim).  On that date, the Lawrence PD responded to the victim's home to find her bleeding from the nose.   The victim related that Zepeda had arrived home drunk, and, after an argument, had repeatedly struck her in the face.  When officers located Zepeda that night, he

---

[1] The victim in these cases is the same individual, H.W., whose interview is submitted in support of the Defendant's Sentencing memorandum.

claimed the victim had "hit herself."  (The assault took place in the presence of two toddler age children).  Zepeda was arrested.

The victim obtained a restraining order in June of 2021, in effect through June 2022, which included a "no contact" provision.

On December 1, 2021, Zepeda was charged in the Salem District Court for violating the restraining order.  It appears that, based on prison call records, between June and November 2021, Zepeda called the victim from prison well over 2,400 times.

On March 23, 2022, Zepeda pled guilty in the Lawrence District Court to two counts of assaulting a family or household member.  For the April 2021 assault, he was sentenced to two years incarceration, one year to be served.  For the June assault, he was sentenced to 18 months probation.

On April 11, 2022, Zepeda pled Guilty in the Salem District Court and was sentenced to nine months committed for violation of the restraining order.

**B. Immigration Proceedings**

Zepeda was located by ICE in March 2022 at the Essex HOC.  During an interview he admitted that he was a citizen of Guatemala, he had entered the US unlawfully, and he had no lawful status.  Zepeda was taken into ICE custody in July 2022, and was ordered removed to Guatemala by an immigration judge on December 20, 2022.  Zepeda waived appeal.  On January 12, 2023, he was removed.

**C. The Pending Charge**

On October 19, 2023, Zepeda was arrested by the Littleton Police Department.  At the time, there was an outstanding probation violation warrant issued for the April 2021 Lawrence

2

assault and battery case.  Zepeda was released from state custody on that matter on November 17, 2023.

Upon his release from state custody, Zepeda was detained by ICE.

Zepeda was indicted by a federal Grand Jury on December 14, 2023 and charged with one count of unlawful reentry after removal, in violation of 8 U.S.C. §1326.  He was arraigned on January 2, 2024, and has been held since that time.

### Advisory Sentencing Guidelines

The PSR sets forth the calculation of the Sentencing Guidelines as follows:

(i)     in accordance with USSG § 2L1.2, defendant's base offense level is 8;

(ii)    in accordance with USSG § 2L1.2(b)(2)(D), defendant's offense level is increased by four levels because, before the defendant was ordered deported, defendant was convicted of a felony offense; and

(iii)   in accordance with USSG § 3E1.1(a), the defendant's offense level is reduced by two levels.

Accordingly, the total offense level is 10. Mr. Zepeda's criminal history category is III, as he scores a total of four points based on his three prior domestic assault and restraining order convictions.  The foregoing results in a GSR of 10-16 months' imprisonment.  *See* PSR, ¶65.

### Argument

The government believes that a ten month sentence, no fine, and a two year term of supervised release, represents an appropriate balancing of the 3553(a) factors in this case.

The defendant's prior criminal conduct is both troubling and significant, justifying a substantial incarcerated sentence.  The defendant has twice seriously assaulted the mother of his children, including when she was pregnant.  One of the assaults of that victim not only took place

in presence of their children, it allegedly involved an assault on one of the children.  PSR¶ 31, 49. Further, according to the victim, this was not the first or even the tenth time Zepeda had assaulted her.  *Id*.  While incarcerated for the multiple assaults, the defendant violated a restraining order over 2,000 times.  PSR, ¶32.

Though the criminal conduct at issue in this case is not as dangerous or destructive as the assault of a family member, a Guideline sentence in this action is appropriate.  And while Zepeda's circumstances may be difficult, they are no justification for returning to the United States unlawfully.  The fact that the defendant has lost the right to remain in the United States with his family is due entirely to his own indefensible conduct.

Though supervised release is not always ordered for individuals who are expected to be removed, such a term is appropriate here.  The defendant has an established history of disregarding Court orders.  He previously returned to the United States within months of his removal.  The potential for a supervised release violation provides an appropriate additional measure of deterrence.

## Conclusion

The factors set forth in 18 U.S.C. §3553(a), including: the nature and circumstances of the offense; the need to afford deterrence; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the conduct; along with the need to avoid unwarranted sentencing disparities; demonstrate that a sentence of ten months and a two-year term of supervised release would be appropriate.

Respectfully submitted,
JOSHUA S. LEVY,
Acting United States Attorney

By:     /s/ Mark Grady
MARK GRADY
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Mark Grady
MARK GRADY
Assistant U.S. Attorney

Date:   June 13, 2024